1
2
3                    UNITED STATES DISTRICT COURT
4                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
5
6   MICHAEL B. BECHTOL,                        Case No. C07-1246MJP

7               Plaintiff,                      ORDER GRANTING
                                               PLAINTIFF'S MOTION TO
8        v.                                     DEEM ADMINISTRATIVE
                                               REMEDIES EXHAUSTED AND
9   MARSH & MCLENNAN COMPANIES, INC.,           GRANTING IN PART AND
                                               DENYING IN PART
10              Defendant.                      DEFENDANT'S MOTION TO
                                               DISMISS
11

12        This matter comes before the Court on two motions filed by the parties:  Plaintiff's motion

13   to deem administrative remedies exhausted (Dkt. No. 18), and Defendant's Motion to Dismiss

14   (Dkt. No. 28).  Both motions have been fully briefed with a response and a reply. Having

15   considered the pleadings and all papers submitted in support thereof, the Court GRANTS

16   Plaintiff's motion and DENIES in part and GRANTS in part Defendant's motion to dismiss.

17   Plaintiff's state law claims of breach of contract and duty of good faith and fair dealing and

18   Plaintiff's ERISA claim of failure to properly fund the Sedgwick Plan are dismissed for failure to

19   state a claim upon which relief can be granted.  The remaining ERISA claim will proceed in this

20   action.  The Court's reasoning is set forth below.

21                               **Background**

22        Plaintiff Michael Bechtol was employed with Sedgwick Re., Inc. ("Sedgwick") as a

23   reinsurance executive when Sedgwick implemented the Sedgwick Re, Inc. Death and Retirement

24   Benefit Plan ( "SERP" or the "Plan"), a "top-hat" benefits retirement plan for eight Sedgwick

25   employees.  The Plan is governed by ERISA.  In 1998, Marsh & McLennan Companies, Inc.

26   ("MMC") acquired Sedgwick and took over administration of the Plan.

27
     ORDER — 1

1    On June 30, 2002, Mr. Bechtol ended his employment with MMC for health reasons.  Mr.

2  Bechtol later applied to MMC for long-term disability benefits after he was diagnosed with

3  Parkinson's disease.  His claim was denied and, after an unsuccessful attempt at appealing that

4  decision, Mr. Bechtol brought suit in federal court.  The parties settled that action on June 23,

5  2006.

6    As part of the settlement agreement, MMC agreed to provide Mr. Bechtol with a

7  description of his other benefits, including benefits under the SERP Plan.  MMC informed Bechtol

8  that it would pay $30,000 per year under the contract if Mr. Bechtol made an "early retirement"

9  election for benefits at age 55.  Mr. Bechtol turns 55 on November 1, 2008.  The $30,000 figure

10  is substantially less than the estimated amount of benefits communicated to Mr. Bechtol at the

11  time he signed the Plan contract and over the course of his employment.  Mr. Bechtol brought this

12  ERISA action challenging the calculation of SERP benefits he will receive upon early retirement.

13                                          **Discussion**

14    Plaintiff has brought a motion to deem administrative remedies exhausted which the Court

15  construes as a motion for partial summary judgment.  (Dkt. No. 18.)  Summary judgment is

16  proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

17  with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

18  moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P 56(c).

19    Defendant's motion is a motion to dismiss for failure to state a claim upon which relief can

20  be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) is

21  warranted only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his

22  claim which would entitle him to relief."  Van Buskirk v. Cable News Network, Inc., 284 F.3d

23  977, 980 (9th Cir. 2002).  All allegations of material fact are construed in a light most favorable

24  to the plaintiff.  Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995).

25

26

27

ORDER — 2

## I. **Exhaustion of Administrative Remedies**

Before the substance of an ERISA benefits claim can be heard in federal court, judicial doctrine requires that the plaintiff first exhaust the administrative claims procedure established by the employer.  Chappel v. Laboratory Corp. of America, 232 F.3d 719, 724 (9th Cir. 2000); Amato v. Bernard, 618 F.2d 559, 567-68 (9th Cir. 1980).  This exhaustion requirement "serves several important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversarial method of claims settlement, the minimization of costs of claim settlement and a proper reliance on administrative expertise."  Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust, 50 F.3d 1479, 1483 (9th Cir. 1995).

In deciding whether Mr. Bechtol has exhausted the claims procedure, the Court must consider the following:  (1) whether Mr. Bechtol exhausted the remedies available to him by following the Plan's claims procedure; and (2) if he did not exhaust the claims procedure, whether Mr. Bechtol is excused from following that procedure because it does not comply with federal regulations or because attempts to follow the procedure would be futile.  The Plan's claims procedure is found in Paragraph 10 of the contract and has four steps.

The first step requires that any claim for benefits must be made in writing to the Plan Fiduciary.  While the Plan identifies Ima Barnes as the Plan Fiduciary, it also states that "The Corporation will notify you in writing of any change in the Plan Fiduciary or change in address of the Plan Fiduciary."  On December 15, 2000, Mr. Bechtol was notified that MMC had acquired Sedqwick and that the MMC Corporate Benefits department would be assuming governance of the Plan.  (Michael Paul Zoppo letter, Birk Decl. Ex. P.)  On December 15, 2006, Mr. Bechtol sent a letter to Steve Pennacchio of MMC Corporate Benefits expressing an intent to elect the SERP benefits at age 55.  This letter accords with the Plan's requirements for submitting a claim and Mr. Bechtol has satisfied step one of the Plan's claims procedure.

Step two requires that the Plan Fiduciary must provide written notice of any claim denials

within 90 days of receiving the claim.  Mr. Pennacchio's letter to Mr. Bechtol dated January 17, 2007 constitutes an adverse decision on the claim.  Mr. Bechtol has proceeded through step two of the claims procedure.

Step three states that Mr. Bechtol may appeal to the Board of Directors of Sedgwick for review of an adverse decision on a claim. This step is obsolete because the Board of Directors of Sedgwick was taken over by the MMC Board of Directors after the merger.  However, as discussed above, Mr. Bechtol clearly had notice that the MMC benefits department had taken over the administration of SERP.  He was likely on notice, then, that any appeal of a benefits decision should be made to the Board of Directors of MMC.  Mr. Bechtol failed to submit a request for review or to pursue information about the review process.  After receiving the letter from Mr. Pennacchio, Mr. Bechtol made no further inquiries about his SERP benefits but instead filed this action on August 10, 2007.

Although Mr. Bechtol has not exhausted the administrative remedies provided by the Plan, the Court finds that he is deemed to have exhausted those remedies because MMC did not comply with federal regulations when processing Mr. Bechtol's claim.  The regulations implementing ERISA establish minimum requirements for employee benefit plan procedures pertaining to beneficiary claims.  29 CFR § 2650.503-1.  The regulations also state that:

> in the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 CFR § 2650.503-1(l).

29 CFR § 2650.503-1(g) requires that an adverse decision on a benefits claim must include:  (1) the specific reason for the determination; (2) reference to the specific plan provisions on which the determination is based; (3) a description of any additional material necessary for claimant to perfect the claim; and (4) a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil

ORDER — 4

1    action under section 502(a) of the Act following an adverse benefit determination on review.  29

2    CFR § 2650.503-1(g).  Mr. Pennacchio's January 17, 2007 letter included (1) and (2) and (3) is

3    not applicable.  However, Mr. Pennacchio failed to describe the procedure for review and the

4    applicable time limit and also failed to notify Mr. Bechtol of his right to bring an ERISA action.

5            The case law applying the "deemed exhausted" clause (29 CFR § 2650.503-1(l)) has

6    primarily concerned situations where an employer failed to act on a benefits claim within the time

7    limits set by the regulations.  See Kowalski v. Farella, Braun & Martel, LLP, 2007 U.S. Dist.

8    LEXIS 37317 (N.D. Ca. May 7, 2007); Neathery v. Chevron Texaco Corp. Group Accident

9    Policy No. OK 826458, 2006 U.S. Dist. LEXIS 95686 (S.D. Cal. Feb. 14, 2006); Fleming v.

10   Kemper Nat'l Svcs., Inc., 2004 U.S. Dist. LEXIS 28378 *16-15 (N.D. Cal. Mar. 2, 2004).  MMC

11   acted on Mr. Bechtol's claim in a timely manner but failed to comply with the regulations by

12   omitting a description of the review procedure from the adverse decision letter.  The Department

13   of Labor has indicated that such an omission is sufficient basis for finding that the administrative

14   remedies have been exhausted and allowing a claimant to proceed to court.  See Department of

15   Labor, "Frequently Asked Questions," http://www.dol.gov/ebsa/faqs/faq_claims_proc_reg.html

16   (last visited Janaury 28, 2008) ("[N]ot every deviation by a plan from the requirements of the

17   regulation justifies proceeding directly to court. ... [However,] deviations not susceptible to

18   meaningful correction through plan procedures, such as the failure to include a description of the

19   plan's review procedures in a notice of an adverse benefit determination, would justify a court

20   determination that the plan failed to provide a reasonable procedure.").

21           By failing to inform Mr. Bechtol of the review procedure and of his right to bring a civil

22   action, Mr. Pennacchio's letter effectively denied Mr. Bechtol "access to the administrative review

23   process mandated by [ERISA]."  65 Fed. Reg. 70255-56 (Nov. 21, 2000).  Language in the letter

24   encouraging Mr. Bechtol to contact Mr. Pennacchio with any questions does not fulfill the

25   purpose of the regulations.  Because MMC's actions on the claim do not comply with federal

26   regulations, Mr. Bechtol is deemed to have exhausted the administrative remedies and his ERISA

27

ORDER — 5

1   action can be heard in this Court.  The Court need not address Mr. Bechtol's argument that any

2   further efforts to comply with the claims procedure would be futile.

3   **II.  Defendant's Motion to Dismiss the Remaining Claims**

4          Mr. Bechtol alleges that MMC's failure to properly fund the Plan is a breach of fiduciary

5   duty and violates ERISA.  Under ERISA, plans that are unfunded and "maintained by an

6   employer primarily for the purpose of providing deferred compensation for a select group of

7   management or highly compensated employees" are exempt from ERISA's fiduciary duty rules or

8   funding requirements.  29 U.S.C. §§ 1101(a)(1), 1081(a)(3).  Mr. Bechtol does not contest the

9   fact that SERP is a "top hat" plan and offers no facts showing that the Plan must abide by

10  ERISA's fiduciary and funding requirements.  Mr. Bechtol fails to state a claim upon which relief

11  can be granted and this claim is dismissed.  Duggan v. Hobbs, 99 F.3d 307, 312-313 (9th Cir.

12  1996).

13         Additionally, ERISA "supersede[s] any and all State laws insofar as they may now or

14  hereafter relate to any employee benefit plan described in section 1003(a) of this title and not

15  exempt under section 1003(b) of this title."  29 U.S.C. § 1144(a).  ERISA's preemption clause

16  applies to the "top hat" SERP Plan.  See Lawson v. Nationwide Mut. Ins. Co., 2005 U.S. Dist.

17  LEXIS 12857 (D. Pa. 2005) ("top hat" plan not an exempt excess benefit plan).  Mr. Bechtol's

18  state law claims include breach of contract and breach of the duty of good faith and fair dealing.

19  Both claims are related to the SERP Plan and are preempted by ERISA.  See Providence Health

20  Plan v. McDowell, 385 F.3d 1168 (9th Cir. 2004).

21         ERISA governs Mr. Bechtol's surviving claim against MMC, the improper calculation of

22  his Plan benefits, and dictates the recovery allowable.

23         The Clerk is directed to send a copy of this order to all counsel of record.

24         Dated: January 28, 2008.

25

26

27

ORDER — 6

1                                          Marsha J. Pechman

2                                          U.S. District Judge