1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL B. BECHTOL,

             Plaintiff,

    v.

MARSH & MCLENNAN COMPANIES, INC.,

             Defendant.

Case No. C07-1246 MJP

ORDER DENYING
PLAINTIFF'S MOTION TO
QUASH RULE 68 OFFER OF
JUDGMENT

This matter comes before the Court on Plaintiff's Motion to Quash Rule 68 Offer of Judgment.  (Dkt. No. 63.)  After reviewing the moving papers, Defendant's Motion to Strike/Opposition, (Dkt. No. 66), and Plaintiff's Reply (Dkt. No. 67), the Court DENIES Plaintiff's motion to quash Defendant's Rule 68 offer of judgment.

**Background**

On April 7, 2008 Defendant Marsh & McLennan Companies, Inc. served Plaintiff with an offer of judgment pursuant to Fed. R. Civ. P. 68.  On April 14, 2008, Plaintiff filed a motion to quash Defendant's offer of judgment.

**Discussion**

Fed. R. Civ. P. 68(a) allows a defendant to make an offer of judgment to a plaintiff "on specified terms, with the costs then accrued."  If the plaintiff accepts the offer, "either party may then file the offer and notice of acceptance....  The clerk must then enter judgment."  See Berkla v. Corel Corp., 302 F.3d 909, 922 (9th Cir. 2002).  If the offer is not accepted, and the plaintiff ultimately obtains a judgment that "is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d); see United States v. Trident Seafoods Corp., 92 F.3d 855, 859 (9th Cir. 1996) (citation omitted).  Rule 68 encourages

ORDER — 1

1   settlement and "prompts both parties to a suit to evaluate the risks and costs of litigation, and to

2   balance them against the likelihood of success upon trial on the merits." Marek v. Chesny, 473

3   U.S. 1, 5 (1985); see also Gay v. Waiters' and Dairy Lunchmen's Union Local No. 30, 86 F.R.D.

4   500, 502 (D.C. Cal. 1980) (citation omitted).

5       Plaintiff argues that Defendant's offer of judgment should be quashed because it

6   contains mutually exclusive remedies, placing an unfair burden on Plaintiff in choosing to

7   accept or reject the offer.  Defendant makes two primary arguments against Plaintiff's

8   motion: (1) it should be stricken because the offer was improperly filed with the court and

9   should not be considered; and (2) if not stricken, Plaintiff's motion should be dismissed

10  because the offer does not contain mutually exclusive remedies.  The Court finds

11  Defendant's first argument dispositive.

12      1.  The Filing of the Offer of Judgment

13      Plaintiff improperly attached Defendant's offer of judgment to its motion to quash.

14  An offer of judgment should only be filed with the Court when accepted by the offeree.

15  See Kason v. Amphenol Corp., 132 F.R.D. 197, 197 (N.D. Ill. 1990) (court strikes

16  erroneous filing of offer sua sponte because Rule 68 "unambiguous" in stating that "no

17  filing is permitted at the time of tender").  Additionally, Fed. R. Civ. P. 68(b) states that

18  "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine

19  costs."  See also 13 JAMES WM. MOORE ET. AL., MOORE'S FEDERAL PRACTICE § 68.04

20  (2d. ed. 1990) ("Except in a proceeding to determine costs, it is clearly improper for a

21  defendant to file a Rule 68 offer of judgment with the court before plaintiff accepts.")

22  Although Plaintiff filed the offer and not Defendant, the policy reasons for disallowing a

23  pre-acceptance filing remain the same.  See Hopper v. Euclid Manor Nursing Home, Inc.,

24  867 F.2d 291, 295 (6th Cir. 1989) (purpose of Rule 68 in encouraging settlement

25  undermined if parties know that court will evaluate terms of unaccepted offer when

26  making later judgment).

27

ORDER — 2

1    The Court strikes the early filing of the unaccepted offer of judgment as improper

2   under Fed. R. Civ. P. 68.  <u>See</u> <u>Scheriff v. Beck</u>, 452 F.Supp. 1254, 1259 (D.C. Colo.

3   1978) ("[w]hen such a procedural error is made… the only corrective action to be taken is

4   to strike the early filing"); <u>see also</u> <u>Dieujuste v. R.J. Elec., Inc.</u>, 2007 WL 2409831, *1

5   (S.D. Fla. 2007) (when an offer is erroneously filed, courts "routinely grant" motions to

6   strike).  Striking the premature filing does not, however, equate to striking the offer itself

7   or Plaintiff's motion.  <u>See</u> <u>Boorstein v. New York</u>, 107 F.R.D. 31, 33 (D.C.N.Y. 1985).

8    2.  <u>Motion to Quash</u>

9    After striking the early filing of the offer of judgment, the Court cannot quash the

10   offer.  Plaintiff's motion must be denied.  <u>See</u> <u>McDowall v. Cogan</u>, 216 F.R.D. 46, 52

11   (E.D.N.Y. 2003) (denying motion to strike because if an offer of judgment is not accepted

12   or offered by a deferred party to prove costs, it cannot be filed, and therefore "there is

13   nothing to strike").  Defendant's offer has not been properly filed with the Court, and

14   there has been no judgment entered in this action.  At this point, the Court cannot

15   determine the fairness of the offer of judgment.  <u>See</u> <u>Bryant v. Bonded Accounts Services</u>,

16   2000 WL 33955881, *4-5 (D. Minn. 2000) (refusing to grant motion to strike offer

17   because possible problem with it is "hypothetical" and should be dealt with "when... a

18   request for costs is made").

19    3. <u>Second Offer of Judgment</u>

20    Plaintiff states in his Opposition brief that Defendant served a second offer of

21   judgment to him on April 22, 2008 that removed a term that was central to the current

22   dispute.  (<u>See</u> Plf. Reply at 2, Dkt. No. 67.)  The Court does not reach the issue of

23   whether the disputed offer of judgment has been rendered moot by the service of the

24   second offer.

25

26

27

ORDER — 3

1

**Conclusion**

2          Plaintiff's Motion to Quash is DENIED, and Defendant's Offer for Judgment is

3   stricken from the record.

4          The Clerk is directed to send copies of this Order to all counsel of record.

5          DATED: <u>May 13, 2008</u>

6                                              <u>s/Marsha J. Pechman</u>

7                                              Marsha J. Pechman

8                                              United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER — 4